IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES JOHNSON,

 *Petitioner*,

v.

   Civil Action No. RDB-23-275
   Criminal Action No. RDB-18-178

UNITED STATES OF AMERICA,

 *Respondent*.

## **MEMORANDUM ORDER**

Pending before the Court is *pro se* Petitioner James Johnson's ("Petitioner" or "Johnson") Amended Motion for the Return of Property[1] ("Petitioner's Motion"). (ECF No. 6.)[2] Johnson seeks to set aside the administrative forfeiture of twenty-three pieces of jewelry and a total of $705,423 in U.S. currency (collectively, the "Subject Property") seized incident to the Federal Bureau of Investigation's ("FBI") March 22, 2017 execution of federal search warrants on three Baltimore, Maryland addresses associated with Petitioner's narcotics trafficking activities. Johnson also requests the return of $10,131 in U.S. currency seized from him during his arrest on June 19, 2018 (the "Additional $10,131"). The Government opposes the Petitioner's Motion, (ECF No. 8), and Johnson has replied (ECF Nos. 11, 12).[3] The

---

[1] Although Petitioner captioned his motion "Amended Motion for Return of Property," (ECF No. 6), this Court will construe it as a motion to set aside administrative forfeiture under 18 U.S.C.§ 983(e) with respect to the twenty-three pieces of jewelry and $705,423 in U.S. currency seized on March 22, 2017; and a motion for return of property under Federal Rules of Criminal Procedure 41(g) with respect to the $10,131 in U.S. currency seized on June 19, 2018.

[2] This Court primarily cites to the record in Civil Action No. RDB-23-275, but occasionally refers to filings in Criminal Action No. RDB-18-178. Where this Court cites to the related criminal case, it uses the following citation format: (RDB-18-178, ECF No. __).

[3] Johnson submitted two separate copies, both dated May 22, 2023, of identical replies in separate mailings to the Court. (ECF Nos. 11, 12.) ECF No. 11 was received May 26, 2023, and ECF No. 12 was received

parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Petitioner's Motion (ECF No. 6) is **DENIED**.

## BACKGROUND

Around July 2016, the Federal Bureau of Investigation ("FBI") began investigating multiple drug traffickers in the Gilmor Homes area of west Baltimore, including Petitioner James Johnson. (RDB-18-178, Plea Agreement Attach. A, ECF No. 14.) Over the next eight months, the investigation revealed the existence of a conspiracy to possess with intent to distribute heroin and fentanyl in which Johnson was involved. (*Id.*)

On March 22, 2017, the FBI executed federal search warrants on three Baltimore, Maryland addresses associated with the Petitioner's narcotics trafficking activities. (*Id.*) During those searches, FBI agents found "numerous kilograms of heroin [and] fentanyl" as well as seven firearms. (*Id.*) Following the execution of the search warrants "DEA lab reports indicated that [Johnson] possessed approximately 8,500 grams of [f]entanyl and approximately 17,250 grams of heroin," and it was determined that six of the firearms were possessed in furtherance of, and in connection to, Johnson's narcotics trafficking activities. (*Id.*) In addition, agents recovered the Subject Property[4]—approximately 23 pieces of assorted jewelry and a total of $705,423 in U.S. currency.[5]

The FBI subsequently began administrative forfeiture proceedings against the Subject Property. (ECF No. 8 ¶ 2.) Public notification of the intent to forfeit the Subject Property was

---

May 31, 2023. Because the documents are identical, the second will not be treated as an amended pleading under Fed. R. Civ. P. 15(a), and only the first-received reply (ECF No. 11) will be referenced hereinafter.

[4] The "Subject Property" does not include the seven firearms which were seized because Johnson does not claim them as part of his Motion.

[5] In his filings, Johnson does not differentiate the $705,423 from the 23 pieces of assorted jewelry. This Court accordingly considers both to be part of the Subject Property.

published by the FBI online for thirty consecutive days, from October 27, 2017 to November 25, 2017 in the case of the jewelry, and from September 8, 2017 to October 7, 2017 in the case of the $705,423 in U.S. currency. (*Id.* ¶¶ 2, 17.) The FBI also sent a notice of forfeiture via certified mail addressed to Johnson at the Metropolitan Transition Center ("MTC") detention facility in Baltimore, as well as another Baltimore address known to be associated with Johnson. (*Id.* ¶ 3.) On May 25, 2017, the FBI received return receipts confirming delivery to both addresses. (*Id.*) Because no claims to the Subject Property were filed, FBI asset forfeiture personnel completed Declarations of Forfeiture for the Subject Property on September 27, 2018, certifying that notification was published pursuant to 19 U.S.C. § 1607(a)(4) and notice was sent to all known parties who may have had a legal or possessory interest in the property. (*Id.*) Thereafter, each asset was declared forfeited to the government pursuant to 19 U.S.C. § 1609. (*Id.* ¶ 5.)

On June 19, 2018, Johnson was arrested on federal narcotics trafficking charges. (ECF No. 5.) During his arrest, law enforcement seized the Additional $10,131 in U.S. Currency. (ECF No. 8 ¶ 6.) The FBI subsequently began administrative forfeiture proceedings against the Additional $10,131. (*Id.*) On September 14, 2018, Johnson filed a claim for the Additional $10,131. (*Id.*) On September 26, 2018, the government filed a Bill of Particulars for Forfeiture of Property, specifically naming and incorporating the Additional $10,131 into the forfeiture notice in Johnson's Indictment. (RDB-18-178, ECF Nos. 1, 12.)

On October 18, 2018, Johnson pled guilty to Conspiracy to Distribute and Possess with the Intent to Distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846. (RDB-18-178, ECF No. 14.) Like his Indictment, (RDB-18-178, ECF No. 1), Johnson's plea

3

agreement contained a forfeiture notice and an agreement to forfeit proceeds and facilitating property related to his offense. (RDB-18-178, ECF No. 14 at 7; *See also* RDB-18-178, ECF No. 1 at 2-3.) On March 17, 2019, this Court sentenced Johnson to 24 years imprisonment. (RDB-18-178, J., ECF No. 23.) On May 1, 2019, this Court entered a Consent Order for Forfeiture, forfeiting Johnson's interest in both the Subject Property and the Additional $10,131 to the government. (RDB-18-178, ECF No. 26.) This Order was signed by both the government and Johnson's attorney, Eduardo Balarezo. (*Id.* at 4.)

On January 30, 2023, Johnson filed the pending Motion for Return of Property[6] for both the Subject Property and the Additional $10,131. (ECF No. 1.) Hereinafter, this Court construes the Petitioner's Amended Motion as two separate requests: a Motion to Set Aside Administrative Forfeiture of the Subject Property under 18 U.S.C. § 983(e), and a Motion for Return of the Additional $10,131 under Federal Criminal Rules of Procedure Rule 41(g). This Motion (ECF No. 6) is ripe for review.

## ANALYSIS

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

I. **Motion to Set Aside Administrative Forfeiture of the Subject Property**

Under 18 U.S.C. § 983(e)(3), a motion to set aside an administrative forfeiture may not be filed "later than 5 years after the date of final publication of notice of seizure of the property." A Court must grant an interested party's motion to set aside a nonjudicial civil

---

[6] Johnson filed his amended motion on April 14, 2023. (ECF No. 6.)

4

forfeiture if the movant lacked notice and (1) "the [g]overnment knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice;" and (2) "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1)(A–B). Actual notice is not required; rather, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties." *Mullane v. Cent. Hanover Bank & Tr. Co.,* 70 S. Ct. 652, 657 (1950). The government bears the burden of proving adequate notice to an interested party in order to ensure that the party's due process rights are protected. *See United States v. Minor,* 228 F.3d 352, 358 (4th Cir. 2000); *Brown v. United States,* No. CV CCB-11-3126, 2012 WL 2370120, at *3 (D. Md. June 20, 2012).

"'The fundamental requisite of due process of law is the opportunity to be heard.' This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Mullane*, 70 S. Ct. at 657 (quoting *Grannis v. Ordean*, 34 S. Ct. 779, 783 (1914)). The notice must convey all required information and provide sufficient time for interested persons to respond. *Id.* Whether notice was sufficiently calculated is evaluated by a reasonableness test, and although due process does not demand heroic efforts by the Government or actual notice, *Dusenbery v. United States*, 534 U.S. 161, 170–71 (2002), "it does require more than mere gesture[s]," *Mullane*, 70 S. Ct. at 657.

The first obstacle to Petitioner's Motion is time. Here, the government avers that Johnson did not make his Motion in timely fashion, because he did so in January 2023, not within the five-year statutory period beginning on the dates of final publication for the seized

Subject Property. (ECF No. 8 ¶ 17.) The dates of final publication for the $705,423 and the twenty-three pieces of jewelry were October 7, 2017, and November 25, 2017, respectively. (*Id.* ¶ 2.) Because Johnson made his Motion outside of the five-year statutory period, he does not meet the requirements to bring his claim under 18 U.S.C. § 923(e)(3). However, because Johnson is a *pro se* defendant, this Court finds it appropriate to further discuss Petitioner's Motion and why it would be denied even if it had been made in a timely fashion.

Johnson's primary claim is that his Motion should be granted because he never received notice from the FBI and accuses the government of impermissibly repossessing his property. (*See* ECF No. 6 at 6–7.) Johnson alleges that he "did not receive any notice of intent" to forfeit the $705,423, and that the government "failed to ensure adequate delivery of the notice of forfeiture to Johnson" while he was incarcerated. (ECF No. 11 at 6 (emphasis in original).)

In response, the government contends that adequate notice of the forfeiture was provided because "proof of actual receipt of notice" by an incarcerated person is not required. (ECF No. 8 ¶ 15.) They further argue that their efforts to provide notice were reasonably calculated, which is demonstrated by the fact that the government received a receipt by certified mail from the MTC where Johnson was being held at the time. (*Id.* ¶ 2.)

Johnson's argument that he did not receive adequate notice from the government that the Subject Property would be forfeited is unconvincing. First, in his plea agreement, Johnson stipulated that he was aware of the seizures, and that he "agree[d] to forfeit to the United States all of [his] right, title, and interest in items . . . derived from or obtained by the Defendant as a result of . . . or used to facilitate the commission of, the Defendant's illegal activities." (RDB-18-178, ECF No. 14 at 7.) That fact alone casts doubt on Johnson's

6

argument that he had no notice whatsoever; however, his Motion also fails because the government's notice to Johnson was "reasonably calculated, under all the circumstances," and thus satisfied the *Mullane* standard. 70 S. Ct. at 657.

Prior to his sentencing, Johnson was being held in the MTC, which is one of two addresses where the government's notice of forfeiture was confirmed delivered by certified mail. (ECF No. 8 ¶ 18.) This is because the government's use of certified mail constitutes "reasonable steps" to provide notice, and despite his contentions to the contrary, Johnson knew or had reason to know of the seizure within time to file a claim for the return of the Subject Property under 18 U.S.C. § 983(e). Also, like the prison in *Dusenbery*, 122 S. Ct. at 696, the MTC has "detailed policies and procedures in place [sic] to ensure that inmates receive their incoming mail with minimal interference or delay." (*Id.*) Therefore, the government has met its burden of proving adequate notice. *See Dusenbery,* 122 S. Ct. at 696; *Minor,* 228 F.3d at 358; *Brown,* 2012 WL 2370120, at *3. For the foregoing reasons, Johnson's Motion to Set Aside Administrative Forfeiture of the Subject Property is DENIED, and this Court now turns to his Motion for Return of Property of the Additional $10,131.

## II. Motion for Return of the Additional $10,131 Under Federal Rule of Criminal Procedure 41(g)

Johnson also seeks the return of the Additional $10,131 which was seized incident to his arrest on June 19, 2018. (ECF No. 11 at 4.) For property seized prior to a defendant's indictment, "relief can come only under Federal Rule of Criminal Procedure 41(g)." Rule 41(g) provides in relevant part: "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return" and "[t]he court must receive evidence on any factual issue necessary to decide the motion." FED. R. CRIM. P. 41(g).

7

In *United States v. Roca*, the Fourth Circuit stated "Rule 41 may be utilized 'to commence a civil equitable proceeding to recover seized property that the government has retained after the end of a criminal case.'" 676 Fed. App'x. 194, 194 (4th Cir. 2017) (quoting *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007)). They further provided that "[t]he general rule is that seized property should be returned to the rightful owner after criminal proceedings have terminated, 'unless it is contraband or subject to forfeiture.'" *Id.* (quoting *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999)).

The government bears the burden of demonstrating "a legitimate reason for retaining [seized] property," which they may meet by "demonstrating a cognizable claim of ownership or right to possession adverse to that of the movant." *Id.* (citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)) (quoting *Chambers*, 192 F.3d at 377). Further, "[w]hen the government has not met its burden, the District of Maryland has ordered the government to submit supplemental briefing showing cause why it should retain the property at issue." *Langford v. United States*, No. CV JKB-20-2170, 2020 WL 6710607, at *2 (D. Md. Nov. 13, 2020) (citing *Bostic v. United States*, No. CV WDQ-13-2731, 2015 WL 4389329, at *6 (D. Md. July 14, 2015)). Specifically, the government must prove that a defendant "is not entitled to lawful possession" of the property in question. *Langford*, 2020 WL 6710607, at *2.

While Johnson claims that the government did not comply with the requirement to answer his ownership claim within 90 days pursuant to 18 U.S.C § 983(a)(3)(A–B) and that the money should be returned to him, (ECF No. 6 at 2), the government has established that Johnson was not unlawfully aggrieved of, nor is he legally entitled to, the Additional $10,131. (ECF No. 8 ¶ 17.) The government first presents Johnson's plea agreement, (RDB-18-178,

8

ECF No. 14), to establish that he has no legally cognizable ownership claim over the money, because he was "charged in a criminal case . . . for which the civil or criminal forfeiture of property is authorized, [and] the Government may include notice of the forfeiture in the indictment." (ECF No. 8 ¶ 17.) The government then points to the Bill of Particulars filed September 26, 2018, (RDB-18-178, ECF No. 26), to address Johnson's 90-day timeliness claim under 18 U.S.C § 983(a)(3) that the government "<u>must</u> promptly return the [$10,131] and is forbidden from seeking to forfeit [it] in the future." (ECF No. 6 at 2 (emphasis in original).)

The government prevails in both arguments because the Bill of Particulars was filed well within the 90-day timeline required by 18 U.S.C. §983(a)(3)(A), and because Johnson has no valid claim to the money. Johnson has no claim to ownership of the Additional $10,131 under 21 U.S.C. § 881(a), which provides that "no property right shall exist" in property which is subject to forfeiture to the United States. This is applicable here because there was notice in his indictment, and pursuant to his plea agreement, Johnson forfeited the Additional $10,131. Accordingly, this Court finds that the government has fulfilled its burden of proving that Johnson is not entitled to the money and Johnson's Motion for Return of Property of the Additional $10,131 is also DENIED.

## CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED this 1st day of August, 2023 that:

1. Petitioner's Amended Motion for Return of Property (ECF No. 6) is DENIED, and this civil action is DISMISSED WITH PREJUDICE;

2. The Clerk of this Court shall CLOSE THIS CASE; and

3. The Clerk of this Court shall transmit copies of this Memorandum Order to Petitioner and Counsel of Record.

Dated: August 1, 2023

                                              /s/
                                             Richard D. Bennett
                                             United States District Judge